UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILBERT EARL HOUSTON,

       *Plaintiff,*

                                 CASE NO. 20-10246
                                 DISTRICT JUDGE THOMAS L. LUDINGTON
                                 MAGISTRATE JUDGE PATRICIA T. MORRIS

COMMISSIONER OF SOCIAL
SECURITY,

       *Defendant.*

_____/

**MAGISRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**      **RECOMMENDATION**

IT IS RECOMMENDED that the case be **DISMISSED WITH PREJUDICE FOR**

**WANT OF PROSECUTION** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**II.**      **REPORT**

     **A.**      **Introduction**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of

Reference, this case was referred to the undersigned Magistrate Judge for the purpose of

reviewing a final decision by the Commissioner of Social Security ("Commissioner") denying

Plaintiff Wilbert Earl Houston's ("Houston") claim for a period of disability and Supplemental

Security Income Benefits ("SSI") under Title XVI, 42 U.S.C. § 1381 *et seq.* (ECF No. 3.)

Pursuant to the scheduling order (ECF No. 17), Plaintiff's motion and brief in support of his

motion for summary judgment were due on or before August 23, 2021. Since no motion was

filed by the deadline, on September 15, 2021, an order was entered notifying Plaintiff that if he

did not file a response to the order to show cause or, in the alternative, his motion for summary

Case 1:20-cv-10246-TLL-PTM   ECF No. 20, PageID.477   Filed 10/25/21   Page 2 of 5

judgment, by September 30, 2021, the court would issue a Report and Recommendation that the case be dismissed with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 19.) To date, no response or motion has been filed by Plaintiff.

### B. Discussion

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Co. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted). Other relevant factors include

> "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal."

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

When managing cases involving *pro se* litigants, the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court must also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991); *see also Gayles v. Comm'r of Soc. Sec.*, No. 09-11914, 2010 WL 3582553, at *1 (E.D. Mich. Sept. 9, 2010) (adopting Report & Recommendation).

In this case, Plaintiff's motion for summary judgment was due on August 23, 2021, yet, to date, Plaintiff has failed to file the motion. In addition, Plaintiff was specifically warned that the case may be dismissed should he fail to file a response or motion by September 30, 2021. While it is not clear that Plaintiff's failure to prosecute stems from willfulness or bad faith, I nonetheless suggest that Defendant should not be further prejudiced by Plaintiff's failure to pursue his claims. Finally, Plaintiff's lack of participation in the case suggests that lesser sanctions would be fruitless. *Cf. Atwater v. Bank of New York Mellon Tr. Co.*, 586 F. App'x 222, 223 (6th Cir. 2014) ("Plaintiffs were clearly warned here, as defendant had moved for summary judgment and the district court expressly stated that failure to respond to the order to show cause would be viewed as abandonment of the claims and result in dismissal. Also, while district courts should generally consider alternatives to dismissal with prejudice, they are not required to always articulate their consideration of lesser sanctions."). This outcome is consistent with the prevailing practice throughout this Circuit. *See, e.g., Hardison v. Soc. Sec. Admin.*, No. 3:10-0171, 2010 WL 4624227, at *1 (M.D. Tenn. Nov. 5, 2010) (recommending dismissal for failure to prosecute); *Gayles*, 2010 WL 3582553, at *1 (adopting Report and Recommendation

to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, No. 09-11275, 2010 WL 1790976, at *1 (E.D. Mich. May 3, 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029, at *2 (E.D. Mich. Dec. 4, 2009) (Borman, J) (dismissing with prejudice for failure to prosecute under 41(b)); *Nard v. Comm'r of Soc. Sec.*, No. C-1-06-322, 2008 WL 906050, at *1 (S.D. Ohio Mar. 31, 2008) (dismissing with prejudice for failure to prosecute under 41(b)); *Johnson v. Sanders*, No. 07-2029, 2008 WL 199706, at *1 (W.D. Tenn. Jan. 23, 2008) (dismissing with prejudice for failure to prosecute under 41(b)). *Contra Wright v. Comm'r of Soc. Sec.*, No. 09-15014, 2010 WL 5420990, at *3 (E.D. Mich. Dec. 27, 2010) (Friedman, J.) (quoting *Kenney v. Heckler*, 577 F. Supp. 214 (N.D. Ohio 1983)).

### C.    Conclusion

Accordingly, because Plaintiff has failed to comply with the Court's schedule even after a specific warning, I conclude that he has failed to undertake a meaningful effort to prosecute this lawsuit in a diligent manner.  As a result, I suggest that the case be dismissed with prejudice for failure to prosecute.

## III.    REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950

(6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 25, 2021

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge